# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-840V
**Filed: March 7, 2018**
UNPUBLISHED

| | |
|---|---|
| PATRICIA M. BROWNE, | Special Processing Unit (SPU); |
| Petitioner, | Ruling on Entitlement; Concession; |
| v. | Table Injury; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Administration (SIRVA) |
| Respondent. | |

*Elizabeth Martin Muldowney*, Sands Anderson, P.C., Richmond, VA, for petitioner.
*Adriana Ruth Teitel*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On June 21, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her December 15, 2014 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 5, 2018, respondent filed his Rule 4(c) report in which he concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent indicates that

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

> DICP believes that petitioner's medical course is consistent with a shoulder injury related to vaccine administration ("SIRVA") as defined on the Vaccine Injury Table. Specifically, petitioner had no recent history of pain, inflammation, or dysfunction of her left shoulder, pain occurred within 48 hours after receipt of an intramuscular vaccination, pain was limited to the shoulder where the vaccine was administered, and no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's shoulder pain. 42 C.F.R. §§ 100.3(a); 42 C.F.R. 100.3(c)(10). Additionally, based on the medical records outlined above, petitioner suffered the residual effects of her condition for more than six months. Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act. *See* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D)(I).

*Id.* at 5.

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master