# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0840V
Filed: March 7, 2019
UNPUBLISHED

| | |
|---|---|
| PATRICIA M. BROWNE,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Elizabeth Martin Muldowney, Sands Anderson PC, Richmond, VA, for petitioner.*
*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

　　On June 21, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of her December 15, 2014 influenza ("flu") vaccination. Petition at 1. On October 18, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 42.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 9, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 47. Petitioner requests $12,229.66 in attorneys' fees and costs for work performed by Rawls Law Group, PC and $6,487.24 in attorneys' fees and costs for work performed by Sands Anderson PC. *Id.* at 8. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. ECF No. 47-4. Thus, the total amount requested is $18,716.90.

On January 30, 2019, respondent filed a response to petitioner's motion. ECF No. 48. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On January 31, 2019, petitioner filed a reply. ECF No. 49. Petitioner stated that "as in the previously filed petitioner for attorneys' fees and costs, all said fees and costs requested by petitioner herein were billed contemporaneously, were necessary for the advancement of this case, and were reasonable." *Id.* at 2.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $18,716.90[3] as follows:**

- **A lump sum of $12,229.66, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and Rawls Law Group, PC; and**

- **A lump sum of $6,487.24, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Elizabeth M. Muldowney, Sands Anderson PC.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.